RECEIVED

FEB 2 4 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Church Point Community Pharmacy, LLC, et al | No. 6:16-cv-00220 |
| v. | JUDGE DOHERTY |
| Pharmacy Development Services, Inc., et al | MAGISTRATE JUDGE WHITEHURST |

## RULING

Before the Court is the plaintiffs' Motion to Remand and for Expedited Consideration [Rec. Doc. 5], in which plaintiffs request remand to state court on the grounds that this Court has no subject-matter jurisdiction. For the reasons given below, the motion to remand will be denied. [1]

### I.   Background

On or about February 12, 2016, the plaintiffs filed an action in the Fifteenth Judicial District Court, Parish of Lafayette, Louisiana, seeking a Temporary Restraining Order ("TRO") against the defendants, as well as preliminary and permanent injunctions and other relief. [Rec. Doc. 1-2] The State Court granted the TRO, and set a trial on the preliminary injunction for February 18, 2016. Id. On February 16, 2016, the defendants filed a Notice of Removal removing the suit to this Court under 28 U.S.C. § 1441(a), asserting complete diversity of citizenship and an amount in controversy exceeding $75,000.00. [Rec. Doc. 1] Plaintiffs filed a Motion to Remand and for Expedited Consideration with this Court on February 18, 2016. [Rec. Doc. 5] The defendants have filed an Opposition to Motion to Remand and Request for

---

[1] Plaintiffs' request for expedited consideration was granted by Magistrate Judge Whitehurst on February 19, 2016. [Rec. Doc. 12] Consequently, this ruling will deal only with the plaintiffs' request for remand.

1

Sanctions Pursuant to this Court's Inherent Powers [Rec. Doc. 10], and the plaintiffs have filed a

Reply to the Defendants' Opposition to Motion to Remand.  [Rec. Doc. 15]

## II.    Applicable Law

The party invoking subject matter jurisdiction in federal court has the burden of

establishing the Court's jurisdiction.  St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d

1250, 1253-54 (5th Cir. 1998).  In this case, defendants bear that burden.  For purposes of

removal jurisdiction, the Court must consider the facts at the time the complaint is filed as well

as at the time of removal.  Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 390, 118 S. Ct.

2047, 2053, 141 L. Ed. 2d 364 (1998), citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,

303 U.S. 283, 291, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938)

## III.    Analysis

### a.   Jurisdictional Threshold Amount

As the party invoking jurisdiction in this Court, the defendants bear the burden of proving

complete diversity of citizenship, and an amount in controversy in excess of $75,000.00.  As to

the question of the jurisdictional threshold, the amount in controversy is unclear from the face of

the complaint.  Plaintiffs have not made a claim for damages based on the information they seek

to protect, or on the damage that might result from its not being protected, and have argued that

any such value is too speculative to allow a clear finding that the amount in controversy exceeds

$75,000.00. [Rec. Docs. 5, 15]

In an action seeking injunctive relief, the amount in controversy is measured by the value

of the object of litigation, or the value of the right to be protected or the extent of the injury to be

prevented.  Farkas v. GMAC Mortgage, L.L.C., 737 F.3d 338, 341 (5th Cir. 2013).  Because

Louisiana law forbids a plaintiff from stating an amount in controversy in a complaint, a

removing defendant has the burden of establishing that the jurisdictional threshold amount is reached. Hernandez v. USA Hosts, Ltd., 418 F. App'x 293, 294 (5th Cir. 2011). The removing party can set forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). A party can support a motion for summary judgment by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations..., admissions interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A). "If a case is not removable as initially stated, it may be removed within 30 days after receipt by the defendant...of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(2)(A)(3). A post-complaint letter concerning settlement terms, which is not a sham, may constitute an "other paper" under 28 U.S.C. § 1446(b) which provides the opposing party with notice that a case is removable. Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759, 761-62 (5th Cir. 2000). There is such a letter in this case, and it suggests that the jurisdictional threshold has been met.

Attached to the defendant's Opposition to Motion to Remand is an email correspondence from plaintiffs' counsel proposing settlement terms. [Doc. 10-2] Defendants draw the Court's attention primarily to two of the terms: "6. [Plaintiff] Chad Bodin will have a free [Pharmacy Development Services ("PDS")] membership for the next 10 years at the highest level PDS offers..." and "10. Defendants will pay Bodin the amount of $50,000." Id. Plaintiffs have alleged Mr. Bodin paid membership dues of $1,295.00 per month to PDS [Rec. Doc. 1-2, p. 4], but did not indicate whether that was "the highest level PDS offers." This implies that the membership referred to in item "6" of the settlement terms would have a value of at least

3

$155,400.00, or the value of Mr. Bodin's prior PDS membership for 10 years. Including the requested lump sum of $50,000.00 brings plaintiffs' valuation of the settlement to, at minimum, $205,400.00.

These proposed settlement terms provide the Court with the best evidence, at this moment, of the amount in controversy, and that amount exceeds the jurisdictional threshold of $75,000.00. As discussed above, the Fifth Circuit has held that a post-complaint letter containing settlement terms constitutes "other paper" providing defendants notice that a suit is removable. Therefore, even if this case had not been removable prior to the receipt of the settlement terms, those terms put defendants on notice that this case meets the threshold amount. Consequently, the Court finds that the amount in controversy in the instant suit exceeds the jurisdictional threshold.

### b. Complete Diversity of Citizenship

As to the question of complete diversity of citizenship, there does not appear to be a substantive dispute as to the citizenship of the parties at the moment the suit was filed, or at the moment of removal. The citizenship of a natural person is determined by the state in which he or she is domiciled. Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 571 (5th Cir. 2011). The citizenship of a corporation is determined by the state(s) in which it was incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).

In the Notice of Removal, defendants recite that the plaintiffs are one natural person, domiciled in Louisiana, and two Louisiana limited liability companies ("LLCs"), with no indication of the citizenship of any members of the LLCs. [Rec. Doc. 1, p. 3] Defendants

4

further recite that the defendants are a corporation (organized in and with principal place of business in Florida), two natural persons who are domiciled in Florida, and a natural person who is domiciled in Pennsylvania. Id. at pp. 3-4.  The record does not reflect the citizenship of the members of the plaintiff LLCs, however, plaintiffs have not disputed that, at the moment of removal to this Court, "there was complete diversity of U.S. Citizenship between the Plaintiffs and the Defendants." [Rec. Doc. 5, p. 1]  Therefore, while the Court cannot make a final determination as to the citizenship of all parties, there is no dispute as to citizenship of the parties at the moment of filing, or of removal.[2]

Plaintiffs do challenge diversity on the basis of the citizenship of a party plaintiffs seek to have added as a defendant; however, this challenge does not affect the outcome of the determination of jurisdiction at the time of removal.  Plaintiffs have filed a Motion for Leave of Court to Amend the Application for a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction, to Amend the TRO, and for Expedited Consideration [Rec. Doc. 19], in which plaintiffs seek to add a party to the litigation – namely, Louisiana Family Pharmacies, LLC, which is alleged to be an entity recently created for the purposes of purchasing the pharmacies at the center of this suit.  Plaintiffs argue, in their Reply to Defendants' Opposition to Motion to Remand [Rec. Doc. 15], that the inclusion of this purchasing entity would destroy diversity, as the entity is a "Louisiana limited liability company." [Rec. Doc. 15, pp. 1-2]

As discussed above, the facts supporting jurisdiction must be judged at the time of the filing of suit, prior to removal.  As removed, the suit does not include Louisiana Family Pharmacies, LLC and inclusion of the entity is conditional on this Court's grant of leave to

---

[2] The parties were ordered to exchange the information as to the citizenship of the plaintiff LLCs. While the Court is unsure whether that order was complied with, there is currently no evidence suggesting the existence of a party that destroys diversity, and plaintiffs do not dispute that diversity existed at filing and removal of this suit.

amend plaintiff's pleading.  The Court cannot, therefore, consider the citizenship of Louisiana Family Pharmacy when determining whether complete diversity exists for purposes of remand.

Even if plaintiffs prevail on the Motion for Leave to Amend the Application for TRO, however, inclusion of Louisiana Family Pharmacies, LLC would, it seems, be insufficient to defeat diversity.  As discussed above, the citizenship of an LLC is determined by the citizenship of all of its members.  Plaintiffs allege that the purchasing entity, Louisiana Family Pharmacies, LLC was created by Daniel Benamoz, Donna Benamoz, and Gerald O'Hare, and lists Daniel Benamoz as its Manager.  [Rec. Doc. 19-1, pp. 1-2].  As discussed above, according to the pleadings, Daniel Benamoz, Donna Benamoz, and Gerald O'Hare are citizens of Florida and Pennsylvania, and there is no indication from plaintiffs that any member of Louisiana Family Pharmacies, LLC is a citizen of Louisiana.  Unless plaintiffs can provide such an indication, this Court must find that complete diversity exists in this matter, even in the event Louisiana Family Pharmacies, LLC were added as a party.

## IV.    Conclusion

For the reasons given above,

IT IS HEREBY ORDERED plaintiffs' Motion to Remand and for Expedited Consideration [Rec. Doc. 5] is DENIED IN PART, as to the request for remand to the Fifteenth Judicial District Court, Parish of Lafayette, Louisiana.  Plaintiffs' request for expedited consideration [Rec. Doc. 5] has been previously GRANTED by Magistrate Judge Whitehurst [Rec. Doc. 12].

THUS DONE AND SIGNED in Lafayette, Louisiana, this 24 day of February, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

7